UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) FANNIE WARRIOR,<br><br>Plaintiff,<br><br>v.<br><br>1) PROGRESSIVE NORTHERN INSURANCE COMPANY,<br><br>Defendant. | Case No.: 12-cv-425-TCK-FHM<br><br>*(formerly District Court of Tulsa County; Case No. CJ-2012-3494)* |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Northern Insurance Company (hereinafter referred to as "Progressive Northern"), hereby removes the above-captioned action from the District Court in Tulsa County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2, a certified copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBIT 1 - 4**. As shown in the docket sheet, there are no pending motions at this time. *See* LCvR 81.2. Progressive Northern has neither received nor filed other pleadings or papers in this case.

The removal of this case to federal court is based on the following:

1. Plaintiff Fannie Warrior ("Plaintiff") commenced this action against Progressive Insurance Company in the District Court of Tulsa County, State of Oklahoma (Case No. CJ-2012-3494), on July 3, 2012. (*See* Plaintiff's Petition, attached as **EXHIBIT 2**.) In her original Petition, Plaintiff named the wrong Defendant.

2. Thus, on July 17, 2012, Plaintiff filed an Amended Petition against Progressive Northern. (*See* Amended Petition, attached as **EXHIBIT 3**.)

3. In her Petition, Plaintiff alleges that "Plaintiff was insured by Progressive" Northern, and the insurance coverage "provided protection from damage or loss to [Plaintiff's 1987 Mercedes Benz 300E] caused by a loss "not caused by collision" which included the peril of "theft or larceny." (*See* Amended Petition, p. 1, ¶¶ 5-6, **EXHIBIT 3**.) Additionally, Plaintiff alleges Progressive Northern "issued an Endorsement to [Plaintiff's] policy." (*See* Amended Petition, p. 1, ¶ 5-6, **EXHIBIT 3**.) Further, "Plaintiff's vehicle was stolen on April 3, 2011 and rendered a total loss." (*See* Amended Petition, p. 2, ¶ 8, **EXHIBIT 3**.) With respect to this loss, Plaintiff claims Progressive Northern (1) "acted negligently in the evaluation of [P]laintiff's claim;" (2) "failed to evaluate the Plaintiff's loss in accordance with the terms and conditions of the policy;" (3) breached "the Oklahoma Unfair Claims Practices Act;" and (4) Progressive Northern's actions were "intentional, deliberate and willful." (*See* Amended Petition, p. 2, ¶¶ 10-14, **EXHIBIT 3**.)

4. In sum, Plaintiff has asserted causes of action against Progressive Northern for breach of contract and bad faith. (*See* Amended Petition, **EXHIBIT 3**.)

5. At the time of the loss, Progressive Northern insured Plaintiff's 1987 Mercedes Benz under policy no. 31002110-7. (*See* Declarations Page, attached as **EXHIBIT 5**.)

6. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Rasul v. Bush*, 542 U.S. 466, 489 (2004). For a federal court to have original jurisdiction of a case or controversy, there must exist a federal question or diversity jurisdiction. At the time the Amended Petition was filed, there existed no federal question at issue. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See* Amended Petition, **EXHIBIT 3**.)

7. However, as of the moment Plaintiff filed the Amended Petition, naming Progressive Northern as a Defendant for the first time, there existed diversity jurisdiction. (*See* Amended Petition, **EXHIBIT 3**.)

8. Specifically, as of the date of Plaintiff's filing her Petition, pursuant to 28 U.S.C. § 1332(a)(2), this action is a civil action over which this Court has original jurisdiction, as it is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as shown below.

9. At the time of filing, the relevant time period, upon information and belief, Plaintiff was a resident and citizen of Oklahoma. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing). Plaintiff was not a citizen of the State of Wisconsin or the State of Ohio. (*See* Petition, **EXHIBIT 2**, p. 1, ¶ 1.)

10. For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never defined exactly what is a "principal place of business," the Supreme Court recently held unanimously that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

11. At the time of filing, Progressive Northern was a foreign corporation, incorporated under the laws of the State of Wisconsin and its "nerve center" or "principal place of business" is Ohio. Progressive Northern was not a citizen of the State of Oklahoma. (*See* 2011 Annual Statement, attached as **EXHIBIT 6**.)

12. The requirement that Plaintiff seek in excess of $75,000.00, exclusive of interest and costs, is also met. "The right of removal depends upon the case disclosed by the pleadings when the

petition therefor is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942). Here, as disclosed by the pleadings, Plaintiff specifically set forth that she is seeking "actual damages in excess of $75,000; punitive damages in an amount to be determined by the jury in excess of $75,000, attorneys fees, costs and all other relief to which they [*sic*] are entitled." (*See* Amended Petition, p.2, ¶ 15, **EXHIBIT 3**.)

13. Therefore, based on the foregoing, removal is proper under 28 U.S.C. § 1441(a) on the ground that this is a civil action over which the court has original jurisdiction under 28 U.S.C. § 1332(a)(2), as the parties are diverse and the amount in controversy with respect to Plaintiff's claims exceeds $75,000.00, exclusive of interest and costs.

14. Next, federal statute requires that none of the parties served as defendants be citizens of the State in which the action is brought. *See* 28 U.S.C. § 1441(b). As shown above, Progressive Northern is not a citizen of the State of Oklahoma.

15. This Notice of Removal is timely filed with this court, pursuant to 28 U.S.C. § 1446(b), because 30 days have not elapsed since this action became removable to this Court. (*See* Amended Petition, filed on July 17, 2012, **EXHIBIT 3**.) Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on July 3, 2012, **EXHIBIT 2**.)

16. Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Tulsa County, State of Oklahoma. The Northern District of Oklahoma includes the County of Tulsa County. *See* 28 U.S.C. § 116(a). Therefore, removal to this Court is proper.

17. Pursuant to 28 U.S.C. § 1446(d), Progressive Northern will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Progressive Northern has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Northern, removes this action from the District Court in and for Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
1120 Robinson Renaissance
119 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 606-3333
Facsimile: (405) 606-3334
**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This certifies that on July 31, 2012, the above and foregoing instrument was delivered to the following counsel of record:

Neal E. Stauffer, Esquire
Jody R. Nathan, Esquire
Timothy P. Clancy, Esquire
STAUFFER & NATHAN, P.C.
Post Office Box 702860
Tulsa, Oklahoma 74170-2860
Telephone: 918-592-7070
Facsimile: 918-592-7071
**ATTORNEYS FOR PLAINTIFF**

***VIA CERTIFIED MAIL***

The Honorable Marc Barcus
Tulsa County Courthouse
500 South Denver, Rm. 506
Tulsa, Oklahoma 74103

***VIA U.S. MAIL***

Sally Howe Smith
Tulsa County Court Clerk
200 Courthouse
500 South Denver Avenue
Tulsa, Oklahoma 74103-3832

*VIA U.S. MAIL*

s/ Brad L. Roberson
For the Firm